UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

Blue Harvest Farms, LLC					CASE NO. 24-03064
							(Joint Administration Proposed)
							**HON. Scott W. Dales**
	**Debtor(s)**					Chapter 12

_____/

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

Adam T. Lalone						**CASE NO. 24-03065**
							(Joint Administration Proposed)
							**HON. Scott W. Dales**
	**Debtor(s)**					Chapter 12

_____/

### DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 12 CASES

NOW COME, the above-captioned debtors (the "**Debtors**"), by and through undersigned counsel, and hereby move this Court for the entry of an order, granting joint administration of their respective chapter 12 cases. In support of this Motion, the Debtors incorporate the *Declaration of In Support Of Chapter 12 Petition And First Day Motions*, (the "Lalone **Declaration**") filed contemporaneously herewith, and state as follows:

#### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before

1

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      2.      The basis for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

      3.      On the date hereof (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 12 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to § 1203 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 12 cases. Debtors anticipate Laura J. Genovich will be appointed Chapter 12 Trustee, and therefore will provide her notice along with notice to the United States Trustee.

      4.      The factual background relating to the Debtors' business and the commencement of these chapter 12 cases is set forth in detail in the Lalone Declaration. Debtor, Adam T. Lalone is the sole member of Debtor Blue Harvest Farms, LLC. The Debtors share a substantial number of creditors. For example, Blue Harvest Farms, LLC is indebted to West Michigan Community Bank for approximately $1,400,000.00, which Adam T. Lalone guaranteed the loan. Adam T. Lalone also is indebted to West Michigan Community Bank as Borrower on a separate obligation related to his real estate. Blue Harvest Farms, LLC is liable for tax obligation to the Internal Revenue Service and the State of Michigan Department of Treasury. Adam T. Lalone is liable for the trust fund portions of each obligation as the sole member of Blue Harvest Farms, LLC. The amount is unknown because the relevant tax forms have not been filed. Debtors are jointly and severally liable on a number of judgments that have been entered against them as well. There is significant overlap in many other ways as

well. Adam T. Lalone lives in a home on real estate owned by Blue Harvest Farms, LLC. Blue Harvest Farms, LLC farms or has the intention of farming blueberries on land owned by Adam T. Lalone. Adam T. Lalone is both the sole member of Blue Harvest Farms, LLC and is in charge of its day to day operations, including all decision making concerning finances, sales and marketing, farming operations, and in all other respects.

5. Debtor, Blue Harvest Farms, LLC operate as for profit blueberry farm and Adam T. Lalone derives the majority of his income from farming as the owner of Blue Harvest Farms, LLC. Adam T. Lalone also derives income from Patriot Foods, LLC, which is a properly licensed food distributor.

6. Additional facts and circumstances supporting this Motion and the Debtors' voluntary petitions are further set forth in the Lalone Declaration, which was given in Support of Chapter 11 Petition and First Day Motions and filed contemporaneously herewith.

## **BASIS FOR RELIEF**

7. In order to optimally and economically administer the Debtors' pending chapter 12 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Blue Harvest Farms, LLC. Pursuant to Bankruptcy Rule 1015(b), "(i)f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors in these bankruptcy cases are "affiliates" as that term is defined in §101(2) of the Bankruptcy Code; accordingly, both the Bankruptcy Code and the Bankruptcy Rules authorize a grant of the relief requested herein.

8. Many of the motions, hearings, and orders that will arise in these chapter 12 cases will jointly affect each Debtor. By jointly administering these chapter 12 cases, the Debtors will be able to reduce fees and costs resulting from the administration of these cases

3

and ease the onerous administrative burden of having to file multiple and duplicative documents.

9. Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of these chapter 12 cases because this Motion requests only administrative, not substantive, consolidation of the estates. Any creditor may still file a claim against a particular Debtor or its estate, or Debtors and their respective estates. This Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 12 cases by the Office of the United States Trustee or the Chapter 12 Trustee will be simplified by virtue hereof. Thus, all parties in interest should benefit from the reduced costs as a result of joint administration.

10. Based on the foregoing, the joint administration of these chapter 12 cases is in the best interests of the Debtors, their creditors and Blue Harvest Farms, LLC's equity security holder, and all parties in interest. Accordingly, the Debtors request that the caption of the chapter 12 cases be modified to reflect the joint administration of such cases, as follows:

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF MICHIGAN

IN RE:

Blue Harvest Farms, LLC[1]  **CASE NO. 24-03064**
  (Jointly Administered)
  **HON. Scott W. Dales**
  **Debtor(s)**  **Chapter 12**

_____/

---

[1] The debtors are Blue Harvest Farms, LLC and Adam T. Lalone.

11. The Debtors also request that a docket entry, substantially similar to the

4

following, be entered on the docket of each of the Debtors to reflect the joint administration of these cases:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Blue Harvest Farms, LLC and Adam T. Lalone. The docket for Blue Harvest Farms, LLC, Case No. 24-03064, should be consulted for all matters affecting these cases.

12. Finally, the Debtors respectfully request that this Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates should file that proof of claim only in the particular chapter 12 case of the Debtor against whom such claim is asserted (or, for claims against both Debtors, in each of the chapter 12 cases of the Debtors against whom the claim is(are) asserted).[1]

## NOTICE

13. Notice of the filing of this Motion has been provided to: (a) the Office of the United States Trustee for the Western District of Michigan; (b) the Debtors' secured creditors; (c) the Chapter 12 Trustee.

## NO PRIOR REQUEST

14. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the joint administration of these chapter 12 cases under the case number assigned to Blue Harvest Farms, LLC and (b) granting such

---

[1] The relief requested in this Motion is without prejudice to the Debtors' right to object to any filed claim on substantive and/or procedural grounds.

5

other and further relief as the Court deems appropriate.

                                      Respectfully submitted,

                                      OPPENHUIZEN LAW FIRM, PLC
                                      Attorneys for Debtor in Possession

Dated: 11/22/2024                            /s/ James R. Oppenhuizen
                                        James R. Oppenhuizen (P68715)
                                        125 Ottawa Ave. NW, Suite 237
                                        Grand Rapids, MI 49503
                                        616-730-1861
                                        joppenhuizen@oppenhuizenlaw.com